JAP:UAD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-432**

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MAXIMINO MONTERO,
    also known as "Juan Peralta,"
    "Jose Encarnacion," "Maximo
    Morillo" and "Maximino
    Morillo,"

                     Defendant.

- - - - - - - - - - - - - - - - - X

COMPLAINT

(T. 8, U.S.C.,
§§ 1326(a) and
1326(b)(2))

EASTERN DISTRICT OF NEW YORK, SS:

    MICHELLE MORDA, being duly sworn, deposes and states that she is an Immigration Enforcement Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    On or about March 27, 2010, within the Eastern District of New York and elsewhere, the defendant MAXIMINO MONTERO, also known as "Juan Peralta," "Jose Encarnacion," "Maximo Morillo" and "Maximino Morillo," being an alien who had previously been arrested and convicted of an aggravated felony, to wit: Criminal Sale of a Controlled Substance in the Fifth Degree, and was thereafter deported from the United States, and who had not made a re-application for admission to the United States to which the Secretary of the Department of Homeland Security, successor to

the Attorney General, had expressly consented, was found in the United States.

(Title 8, United States Code, Section 1326(b)(2))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am an Immigration Enforcement Agent with ICE and have been involved in the investigation of numerous cases involving the illegal re-entry of aliens. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the ICE investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about March 27, 2010, the defendant MAXIMINO MONTERO, also known as "Juan Peralta," "Jose Encarnacion," "Maximo Morillo" and "Maximino Morillo," was arrested by the New York City Police Department ("NYPD"), 75th Precinct, in Brooklyn, New York. MONTERO was arrested for Assault in the Third Degree, in violation of Section 120.00 subsection 01, Attempted Assault in the Third Degree, in violation of Section 120.00 subsection 01, Menacing in the Third Degree, in violation of Section 120.15

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all of the relevant facts and circumstances of which I am aware.

2

and Harassment in the Second Degree, in violation of Section 240.26 subsection 01, all of the New York State Penal Law. The defendant used the name "Juan Peralta" in connection with this arrest.

3. Subsequent to the arrest, the NYPD ran a criminal history report and found that the defendant, a citizen of the Dominican Republic, had been previously removed from the United States on May 31, 2006.

4. The NYPD notified ICE, and ICE officials determined that on or about September 10, 1998, the defendant, MAXIMINO MONTERO, also known as "Juan Peralta," "Jose Encarnacion," "Maximo Morillo" and "Maximino Morillo," had been convicted of Criminal Sale of a Controlled Substance in the Fifth Degree, in violation of Section 220.31 of the New York State Penal Law, an aggravated felony offense. The defendant used the name "Maximo Morillo" in connection with this arrest.

5. ICE officials also determined that on or about May 31, 2006, the defendant, MAXIMINO MONTERO, also known as "Juan Peralta," "Jose Encarnacion," "Maximo Morillo" and "Maximino Morillo," had been removed from the United States pursuant to an Order of Removal, dated March 14, 2006.

6. An ICE official with fingerprint analysis training compared the fingerprints taken in connection with the defendant's arrest underlying his September 10, 1998 conviction;

the fingerprints taken in connection with the defendant's May 31, 2006 removal; and the fingerprints taken in connection with the defendant's March 27, 2010 arrest, and determined that all three sets of fingerprints were made by the same individual.

7. A search of ICE records has revealed that there exists no request by the defendant for permission from either the United States Attorney General of the Secretary of the Department of Homeland Security to re-enter the United States after removal.

WHEREFORE, your deponent respectfully requests that the defendant, MAXIMINO MONTERO, also known as "Juan Peralta," "Jose Encarnacion," "Maximo Morillo" and "Maximino Morillo," be dealt with according to law.

                                    _____
                                    MICHELLE MORDA
                                    IMMIGRATION ENFORCEMENT AGENT
                                    United States Immigration and
                                    Customs Enforcement

Sworn to before me this
19th day of April, 2010

_____
THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK